```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/08
```



JUN 2 0 2008

CHAMBERS OF
JUDGE ROBERT P. PATTERSON

**THE CITY OF NEW YORK**

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

PHILIP S. FRANK
*Assistant Corporation Counsel*
Room 3-183
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

June 19, 2008

**VIA HAND DELIVERY**
Honorable Robert P. Patterson
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: Christiana Roberts-Shine v. City of New York et al., 08 Civ. 4894 (RPP)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendant City of New York ("City"). In essence, plaintiff's complaint alleges false arrest and excessive force stemming from plaintiff's arrests on or about February 24, 2007 and July 13, 2007. Consequently, I write to respectfully request a sixty (60) day enlargement of time, until August 22, 2008, for defendant City to respond to the complaint. Based upon the date of service on the City, its response is presently due on or about June 23, 2008. Plaintiff's counsel consents to this request, and I note further that no previous request for an extension has been made in this action.

There are several reasons for granting an enlargement of time for defendant to respond to the complaint in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that she was falsely arrested and that excessive force was used against her on or about February 24, 2007 and July 13, 2007. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. The executed release is necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to plaintiff's underlying arrest and prosecution. In addition, given plaintiff's allegations that she suffered mental and physical injuries as a result of the incidents, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of any records of medical treatment.

Further, assuming plaintiff is able to identify and effect timely service on "John Doe" defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court grant a sixty (60) day enlargement of time, until August 22, 2008, for defendant City to respond to the complaint.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Philip S. Frank (PF-3319)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **Via Facsimile (718) 243-9148**
Adewale A. Mosaku
25 Bond Street, 3rd Floor
Brooklyn, NY 11201

*Application granted.*
*So ordered.*
*[signature] USDJ*
*6/20/08*