UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHRISTIANA ROBERTS-SHINE,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOE 1-6 and POLICE OFFICER JANE DOE*,

Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANT CITY OF NEW
YORK**

Jury Trial Demanded

08 Civ. 4894 (RPP)

Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as stated therein.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Denies the allegations set forth in paragraph "9" of the complaint, except denies knowledge or information sufficient to form a belief as to who was the employer of the defendants, and admits that the City of New York is a municipal corporation organized and operating under the laws of the State of New York and that the City of New York maintains a police department.

10.     Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff purports to proceed as stated therein.

11.     Denies the allegations set forth in paragraph "11" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about  July 18, 2007 and was assigned Claim No. 2007PI019999.

12.     Denies the allegations set forth in paragraph "12" of the complaint, except admits that the Comptroller's Office received a document purporting to be a Notice of Claim on or about July 18, 2007.

13.     Denies the allegations set forth in paragraph "13" of the complaint, except admits that this action was commenced on or about May 28, 2008.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Denies the allegations set forth in paragraph "18" of the complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.    Denies the allegations set forth in paragraph "22" of the complaint, except admits that plaintiff was arrested on February 24, 2007.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    Denies the allegations set forth in paragraph "24" of the complaint.

25.    Denies the allegations set forth in paragraph "25" of the complaint.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    Denies the allegations set forth in paragraph "27" of the complaint.

28.    Denies the allegations set forth in paragraph "28" of the complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.    Denies the allegations set forth in paragraph "35" of the complaint.

36.    Denies the allegations set forth in paragraph "36" of the complaint.

37.    Denies the allegations set forth in paragraph "37" of the complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.    Denies the allegations set forth in paragraph "41" of the complaint, except admits that plaintiff was arrested on July 13, 2007.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.    Denies the allegations set forth in paragraph "44" of the complaint.

45.    Denies the allegations set forth in paragraph "45" of the complaint, except admits that plaintiff was transported to a precinct.

46.    Denies the allegations set forth in paragraph "46" of the complaint.

47.    Denies the allegations set forth in paragraph "47" of the complaint.

48.    Denies the allegations set forth in paragraph "48" of the complaint.

49.    Denies the allegations set forth in paragraph "49" of the complaint.

50.    Denies the allegations set forth in paragraph "50" of the complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53.    Denies the allegations set forth in paragraph "53" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what plaintiff was charged with, and admits that plaintiff was arraigned before a judge and released on her own recognizance.

54.    In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and realleges paragraphs "1" through "53" of this answer as if fully set forth herein.

55.    Denies the allegations set forth in paragraph "55" of the complaint.

56.    Denies the allegations set forth in paragraph "56" of the complaint.

57.    Denies the allegations set forth in paragraph "57" of the complaint, except admits that plaintiff purports to proceed as stated therein.

58.    Denies the allegations set forth in paragraph "58" of the complaint.

59.     Paragraph "59" of the complaint sets forth a conclusion of law, rather than an averment of fact, and accordingly no response is required.

60.     In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges paragraphs "1" through "59" of this answer as if fully set forth herein.

61.     Denies the allegations set forth in paragraph "61" of the complaint.

62.     Denies the allegations set forth in paragraph "62" of the complaint.

63.     Denies the allegations set forth in paragraph "63" of the complaint.

64.     Denies the allegations set forth in paragraph "64" of the complaint.

65.     Denies the allegations set forth in paragraph "65" of the complaint.

66.     Denies the allegations set forth in paragraph "66" of the complaint and its subparts.

67.     Denies the allegations set forth in paragraph "67" of the complaint and its subparts.

68.     Denies the allegations set forth in paragraph "68" of the complaint and its subparts.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70.     Denies the allegations set forth in paragraph "70" of the complaint and its subparts.

71.     In response to the allegations set forth in paragraph "71" of the complaint, defendant repeats and realleges paragraphs "1" through "70" of this answer as if fully set forth herein.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73.     Denies the allegations set forth in paragraph "73" of the complaint.

74.     Denies the allegations set forth in paragraph "74" of the complaint.

75.     Denies the allegations set forth in paragraph "75" of the complaint, except admits that plaintiff purports to proceed as stated therein.

76.     Paragraph "76" of the complaint sets forth a conclusion of law, rather than an averment of fact, and accordingly no response is required.

77.     In response to the allegations set forth in paragraph "77" of the complaint, defendant repeats and realleges paragraphs "1" through "76" of this answer as if fully set forth herein.

78.     Denies the allegations set forth in paragraph "78" of the complaint.

79.     Denies the allegations set forth in paragraph "79" of the complaint.

80.     Paragraph "80" of the complaint sets forth a conclusion of law, rather than an averment of fact, and accordingly no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

81.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

82.     Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

83.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

84.    Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

85.    To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

86.    To the extent applicable, there was reasonable suspicion for plaintiff's detention.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

87.    There was probable cause for plaintiff's arrest, detention, and prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

88.    Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

89.    Plaintiff provoked any incident with defendants.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

90.    Plaintiffs claims are barred, in whole or in part, by the applicable limitations period.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                August 22, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendant City of New York
                                        100 Church Street, Room 3-183
                                        New York, New York 10007
                                        (212) 788-0893

                                  By:   _____
                                        Philip S. Frank
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

To:      Wale Mosaku, Esq.
         Attorney for Plaintiff
         25 Bond Street, 3rd Floor
         Brooklyn, New York 11201 (via first class mail)

Index No. 08 Civ. 4894 (RPP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIANA ROBERTS-SHINE,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOE 1-6 and POLICE OFFICER JANE DOE*,

Defendants.

## ANSWER TO COMPLAINT ON BEHALF OF
## DEFENDANT CITY OF NEW YORK

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Philip S. Frank*
*Tel:  (212) 788-0893*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ......................................................................... *2008*

.................................................................................... *Esq.*

*Attorney for* ..................................................................